**MANLEY BROTHERS, Petitioner,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents.**

No. 76–1102.

United States Court of Appeals,
Sixth Circuit.

Submitted April 6, 1977.

Decided April 29, 1977.

James F. Schouman, Dearborn, Mich., for petitioner.

Charles W. Chapman, Washington, D.C., for intervenor Ann Arbor.

Fritz R. Kahn, Gen. Counsel, I. C. C., Peter A. Fitzpatrick, Christine N. Kohl, Edward Levi, Atty. Gen., U.S. Dept. of Justice, Robert B. Nicholson, Edward E. Lawson, Washington, D.C., for respondents.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

This case is before the Court on a petition to review and set aside certain orders of the Interstate Commerce Commission entered in Investigation and Suspension Docket No. 8808, *Sand, Yuma, Michigan to Cleveland, Ohio.* The Commission found a proposed multiple-car rate of $3.10 per net ton of sand, filed jointly by the Intervenor Ann Arbor Railroad Company and the Penn Central Transportation Company,[1] to be just and reasonable.

By schedules filed to become effective December 7, 1972, Ann Arbor and Penn

---

1. Subsequently Ann Arbor filed for bankruptcy and now is being operated, for the most part, by the State of Michigan. Penn Central is now a part of Conrail.

Central proposed jointly to establish the multiple-car rate on certain types of sand moving on their lines from Yuma, Michigan, to Cleveland, Ohio, subject to an aggregate minimum of 20 cars holding at least 75 tons each, all shipped on the same day under one bill of lading from one consignor at one location at one origin to one consignee at one location and destination. The tariff also provided, in general, for a maximum weight per car of 95 percent of the marked capacity of the car. Protests to this rate were filed by Petitioner Manley Brothers and two others not parties to this proceeding. Sargent Sand Company and Ford Motor Company appeared before the Administrative Law Judge in support of the challenged rates.

In a comprehensive opinion, the Administrative Law Judge held the proposed rate to be "just and reasonable, and otherwise lawful." He found no evidence of unjust discrimination under 49 U.S.C. § 2, or undue preference or prejudice under 49 U.S.C. § 3(1). The initial decision and recommended order of the Administrative Law Judge were approved by the Commission. The petitions of Manley Brothers and others for reconsideration were denied.

In the present proceeding, it is contended by Manley Brothers that the rate itself is unduly destructive and will have the impact of disrupting traffic patterns throughout the area. Petitioner urges that the rate be declared unjust and unreasonable and the decision reversed. The case was submitted to this Court on briefs by stipulation of the parties.

Upon consideration of the briefs of the parties and the entire record, the Court concludes that the challenged decision is supported by substantial evidence and is not arbitrary, capricious or an abuse of discretion, and that there is a rational basis between the facts found and the conclusion reached by the Commission. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 284, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974); *Mississippi Valley Barge Line Co. v. United States,* 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed.

1260 (1934). We further conclude that the Commission did not err in holding that the challenged rate is not unjust or unreasonable under 49 U.S.C. § 1(5), that the rate does not result in unjust discrimination against the petitioner in violation of 49 U.S.C. § 2 and that the rate does not effect any undue or unreasonable preference for, or any prejudice against, any party within the prohibitions of 49 U.S.C. § 3(1).

Accordingly, the petition for review is dismissed and all the relief sought by the petition is denied.